803 P.2d 126

**VANGUARD ENGINEERING, by Herb PHELAN, Owner, Petitioner,**

v.

**SUPERIOR COURT OF the STATE OF ARIZONA, In and For the COUNTY OF MARICOPA, Honorable Michael O. Wilkinson, a judge thereof, Respondent Judge,**

**Donna Sue THARP and John Wesley Tharp, Real Parties in Interest.**

No. 1 CA–SA 90–188.

Court of Appeals of Arizona, Division 1, Department D.

Dec. 13, 1990.

Herb Phelan, Phoenix, in pro. per.

Robert K. Corbin, Atty. Gen. by Robert J. Sokol, Asst. Atty. Gen., Phoenix, for real parties in interest.

## OPINION

**KLEINSCHMIDT, Presiding Judge.**

In this case we hold that the trial judge erred in fining the petitioner $5,000 as a penalty for failing to honor a wage assignment for child support payments. The trial court treated the petitioner's disobedience of the order as a criminal contempt of court without affording the petitioner the rights and safeguards provided for by the Arizona Rules of Criminal Procedure.

The case arose as follows. Donna Sue Tharp and John Wesley Tharp were divorced in 1986. John was ordered to pay child support of $385 per month. In January of 1989, John Tharp went to work for the petitioner, Vanguard Engineering.[1] The Clerk of the Superior Court of Maricopa County issued an Order of Assignment pursuant to A.R.S. section 12–2454.01 which was served on Vanguard on January 23, 1989. Vanguard failed to deduct Tharp's child support payments from his pay, and as a result, Vanguard was served with an Order to Show Cause why it should not be held in contempt of court. Following a hearing held before the court sitting without a jury, the trial judge found that Vanguard had willfully failed to comply with the Order of Assignment. The judge ordered Vanguard to pay $3,093.50 for the child support which Vanguard should have withheld from Tharp's paycheck and fined Vanguard $5,000 as a penalty for failure to obey the Order of Assignment.

Vanguard filed this special action, raising seven different claims of error, many of which are interrelated. We discuss those issues briefly below, but it is enough to say for the moment that they are without merit. After the matter was presented for decision, we, on our own motion, ordered the Attorney General to file a brief addressing the issue of whether the trial court followed proper procedures in assessing the penalty for contempt of court. We were concerned that the penalty was in the nature of one for criminal contempt, and that the fine exceeded that which could be levied without affording the petitioner a jury trial. The Attorney General has now filed that brief, and he confesses error.

## THE FINE FOR CRIMINAL CONTEMPT WAS IMPROPERLY IMPOSED

■ Criminal contempt, as defined in Rule 33.1, Arizona Rules of Criminal Procedure, is the willful disobedience of a lawful writ, process, order, or judgment of a court by doing or not doing an act which is forbidden or required, or engaging in willfully contumacious conduct which obstructs the administration of justice or lessens the dignity and authority of the court.[2] The fine imposed against the petitioner in this case was a penalty for a criminal contempt of court. It was levied to vindicate the authority of the court and to punish the petitioner for disobeying an order, and it was payable to the state as opposed to another party. *See Hicks v. Feiock*, 485 U.S. 624, 631–32, 108 S.Ct. 1423, 1429, 99 L.Ed.2d 721, 731 (1988); *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441–43, 31 S.Ct. 492, 498–99, 55 L.Ed. 797, 806–07 (1911). *See also Ong Hing v. Thurston*, 101 Ariz. 92, 416 P.2d 416 (1966). Since the petitioner could not prospectively avoid the penalty by performing the acts required of it by the court, the fine cannot be classified as civil in nature. *See Shillitani v. United States*, 384 U.S. 364, 369–70, 86 S.Ct. 1531, 1535, 16 L.Ed.2d 622, 626–27 (1966).

■ The superior court levied this fine in the nature of a criminal penalty for contempt without affording Vanguard its rights under the Arizona Rules of Criminal

---

1. There is no suggestion that Vanguard Engineering is a corporation. The trial court apparently treated it as a sole proprietorship. The judgment which is the subject of this special action is against Vanguard Engineering, Herb Phalen (sic) owner.

2. Criminal contempt which also constitutes a criminal offense must be proceeded against as provided for in A.R.S. §§ 12–862 and 12–863. A.R.S. § 12–861.

Procedure. Specifically, Rule 33.4(a), Arizona Rules of Criminal Procedure, provides that a person cannot be punished for criminal contempt by imprisonment for longer than six months, or by a fine greater than $300, unless he has been found guilty by a jury or has waived the right to trial by jury. This rule conforms with the dictates of *Bloom v. Illinois*, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968). Since Vanguard did not waive trial by jury in this case, the fine must be set aside.

## OTHER ISSUES

■ We turn to Vanguard's other claims for relief. Vanguard says that the lower court lacked jurisdiction over it because it was not a party to the action in which John Tharp was ordered to pay child support, and it was not present or represented at any proceeding at which Tharp's indebtedness was determined. This claim is specious. The court's jurisdiction of Vanguard derives from the service of the Order of Assignment upon it. *See* A.R.S. § 12–2454.01.

Vanguard next alleges that the child support order was obtained by fraud. Its allegation is a vague melange of accusations that overlap with its complaint that it had no "input" into the support order, had no knowledge of what Tharp owed, and that the amount Tharp was ordered to pay exceeded the Statewide Child Support Guidelines. These allegations are either immaterial to the merits of this proceeding, unsupported by the record, or otherwise without merit.

Vanguard goes on to claim that the Order of Assignment unconstitutionally interferes with the contract between Vanguard and Tharp. We need not concern ourselves with whatever merit this claim might otherwise have because the statute providing for orders of assignment was enacted before Tharp entered the employ of Vanguard. *See Home Bldg. & Loan Ass'n v. Blaisdell*, 290 U.S. 398, 429–30, 54 S.Ct. 231, 237, 78 L.Ed. 413, 424 (1934).

■ Vanguard argues that it was not required to honor the Order of Assignment because, as Vanguard defines the term, Tharp had no "disposable earnings" that could be reached by the order. The arrangement between Tharp and Vanguard was structured with a view to classifying Tharp as an independent contractor rather than an employee. The Order of Assignment was broad enough to reach whatever Vanguard owed Tharp for his work as a machinist. *See* A.R.S. § 33–1131(A) (disposable earnings include compensation for personal services).

■ Vanguard argues that the trial court should have made findings of fact and conclusions of law. Vanguard's post-trial request for such findings was untimely. *See* Rule 52(a), Arizona Rules of Civil Procedure.

Vanguard makes a broad claim that the "Valentine's Day Roundup" [3] conducted by the domestic relations divisions resulted in violations of the Constitution. Insofar as Vanguard was fined without regard to the Rules of Criminal Procedure, it is correct. The remainder of this claim, which includes repeated references to supposed violations of the rules of judicial conduct, is without merit.

The final claim that the trial court erred by advising Vanguard to proceed by way of appeal rather than by special action is moot because Vanguard filed a special action, of which this court has taken jurisdiction.

It is ordered vacating the fine of $5,000 and remanding this matter to the superior court for further proceedings as to the penalty, if any, to be imposed for a refusal to honor the Order of Assignment.

It is further ordered affirming the order entered by the trial court assessing Tharp's child support payments against Vanguard.

It is further ordered granting the Petitioner's request for costs upon submission of the appropriate statement pursuant to Rule 4(f), Rules of Procedure for Special

---

**3.** Vanguard is apparently referring to a concerted effort conducted in February 1989 by the domestic relations divisions of the Superior Court of Maricopa County to collect child support arrearages.

Actions. It is further ordered denying the respondent's request for costs and attorney's fees.

FIDEL and McGREGOR, JJ., concur.